UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY            08 CV 131 (WHP)
DISTRICT COUNCIL OF CARPENTERS ANNUITY            ECF CASE
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN          **AFFIDAVIT OF COUNSEL**
RETRAINING, EDUCATIONAL AND INDUSTRY              **IN SUPPORT OF**
FUND, NEW YORK CITY DISTRICT COUNCIL OF           **DEFAULT JUDGMENT**
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

Plaintiffs,

-against-

ROSSELLI CARPET SVS, INC.,

Defendant.
-------------------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

ANDREW GRABOIS, Esq. being duly sworn, deposes and says,

1.      I am associated with the firm of O'Dwyer & Bernstien, LLP, attorneys for

plaintiffs ("Funds") in the above captioned action.  I am familiar with all the facts and

circumstances in this action.

2.      I submit this affidavit in support of plaintiffs' motion for default judgment against

Rosselli Carpet Svs, Inc. ("Defendant"), confirming an arbitration award against the Defendant,

dated November 7, 2007.

3.    Upon information and belief Defendant is a corporation and not an infant, in the military or an incompetent.

4.    Subject matter jurisdiction of this action is based upon Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, Sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), Section 515 of ERISA, 29 U.S.C. §1145, and Section 9 of the Federal Arbitration Act, 9 U.S.C. §9.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

5.    Plaintiffs brought this action to compel the production of Defendant's books and records pursuant to a collective bargaining agreement ("Agreement") between the Defendant and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America.

6.    Defendant has failed to furnish these records for the purpose of conducting an audit to ensure compliance with required benefit fund contributions as required under the Agreement.

7.    Pursuant to the arbitration clause of the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.  Thereafter, upon due notice to all parties, the arbitrator held a hearing and rendered his award, in writing, dated November 7, 2007 determining said dispute. (A copy is annexed hereto as Exhibit "A"). Upon information and belief, a copy of the award was sent to the defendant.

8.    The arbitrator found that Rosselli Carpet Svs, Inc. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs

with any and all books and records, for the period of October 27, 2005 through November 7,
2007 including but not limited to, the cash disbursement section of the cash book, general ledger,
job location records, daily time records and all certified payrolls.

9.      The arbitrator also found that Rosselli Carpet Svs, Inc. was required to pay the
funds a total sum of $3,350.00 pursuant to the Agreement, representing costs incurred in the
arbitration.

10.      The defendant has failed to abide by the award.

11.      The award has not been vacated or modified and no application for such relief is
currently pending or has been made.

12.      Plaintiffs commenced this action on January 7, 2008 by filing a summons and
complaint.  (A copy is annexed hereto as Exhibit "B").  Plaintiffs subsequently served the
summons and complaint together with the Judge's rules upon Defendant by delivering two (2)
true copies of the same to the Secretary of the State of New York on January 11, 2008, pursuant
to Section 306(b) of New York Business Corporation Law and an affidavit of service was filed
with the Court on January 18, 2008.  (A copy is annexed hereto as Exhibit "C").

13.      This action is timely as it was filed within the one year statute of limitations
applicable to a petition to confirm and arbitrator's award.

14.      Defendant has failed to answer or appear or move with respect to the complaint
and the time to do so has expired.  (A copy of the Clerk's Certificate is annexed hereto as Exhibit
"D").

15.      Plaintiffs seek a default judgment against Defendant and in favor of plaintiffs as
follows:

　　　　　a.  confirming the arbitrator's award;

b.  ordering Rosselli Carpet Svs, Inc. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period October 27, 2005 through November 7, 2007.

c.  awarding judgment for the plaintiffs and against Defendant in the principal amount of $3,350.00;

d.  attorneys' fees and costs arising out of this action as determined by the court. (An Affidavit of Services is annexed hereto as Exhibit "E" and a proposed Default Judgment is annexed hereto as Exhibit "F");

e.  such other and further relief as this Court may deem just and proper

ANDREW GRABOIS (AG 3192)

Sworn to before me this
22nd day of February, 2008

NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

**C O R R E C T E D**
**OPINION AND**
**DEFAULT AWARD**
**OF ARBITRATOR**

------------------------------------------------------------------------x
**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

**Petitioners,**

      -against-

Rosselli Carpet Service Inc.,

**Respondent.**

------------------------------------------------------------------------x

       Pursuant to the provisions of the Collective Bargaining Agreement between the

Respondent-Employer and the District Council of New York City and Vicinity of the United

Brotherhood of Carpenters and Joiners of America, effective 7/1/05, and the designation of the

undersigned as Impartial Arbitrator to determine disputes concerning any claim arising from

payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator

was called upon to hear and determine a controversy involving claims by the Petitioners that the

Funds are unable to ascertain the amount of contributions due it as the Respondent has not

allowed an audit of its books as required by the collective bargaining agreement.

       In accordance with the terms of the underlying written agreement, the Civil Practice Law

and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 8/13/07,

the undersigned by Notice of Hearing dated 8/20/07, scheduled a hearing for 9/25/07, in order to determine the dispute between the parties.

The Respondent on 9/24/07 agreed via telephone in a conversation with the Arbitrator and again agreed at the hearing on 9/25//07 to provide all requested documents so that Fund's auditors could complete their audit. Thereafter a Fund's auditor contacted the Respondent and scheduled an audit appointment for 10/1/07.

As a result of the forgoing, the issuance of an award was held in abeyance pending the Respondent's compliance with the scheduled 10/1/07 audit. And as a further condition the Arbitrator instructed the Respondent that failure to provide all of the requested documents or failure to keep the audit appointment would result in a default award.

Upon having been notified by the Funds auditors' correspondence dated 10/2/07 that the Respondent failed to provide all of the required documentation as agreed between the parties, the Arbitrator found the Respondent in violation of the arbitrator's interim directive, and as a result the Arbitrator issues a default award.

## OPINION

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 7/1/05. This Contract obligated the Employer-Respondent to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

2

The testimony of the auditor, employed by the Petitioners, established that an audit of the books and records of the Respondent had been attempted on numerous occasions but without success.  Therefore the Petitioners are unable to ascertain the amount of contributions due the aforesaid Funds during the period of 10/27/05  to date.

Therefore Steven Kasarda., Esq. argues that  in order for the Funds to establish the amount of contributions it is due requires an award directing this Respondent-Employer to produce any and all books and records requested by the Benefit Funds office, specifically cash disbursement section of the cash book, general ledger, job location records, daily time records, quarterly tax returns, weekly payroll records, W-2 forms, monthly bank statements, and all certified payrolls for the audit period  10/27/05  to date.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find that the Respondent-Employer, Rosselli Carpet Service Inc., failed to comply with the Collective Bargaining Agreement as it relates to allowing an audit of its books and records, and orders this Respondent-Employer to forthwith produce any and all books and records specifically, cash disbursement section of the cash book, general ledger, job location records, daily time records, quarterly tax returns, weekly payroll records, W-2 forms, monthly bank statements, and all certified payrolls for the audit period  10/27/05  to date to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Pursuant to the Collective Bargaining Agreement the Arbitrator also orders this Respondent-Employer to pay forthwith to the Funds a sum total of $3,3500.00 which represents the Funds costs incurred in this matter. These costs are as follows:

Attorney Fees.................. $ 1,500.00

Arbitrator's Fee................ $   150.00

Court Costs....................... $   250.00

Audit Cost........................ $1,400.00

**TOTAL**                     $3,350.00

Dated: Brooklyn, New York
      November 7,  2007

                                       ROGER E. MAHER, Arbitrator

To:   Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014


      Ms. Tomasina Caba
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014


      Rosselli Carpet Service Inc.
      57-21 65 Street
      Maspeth, NY 11378
      Attn.: Mr. Joseph Rosselli, President

## AFFIRMATION

STATE OF NEW YORK  )
COUNTY OF KINGS  )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within
proceeding and signed same in accordance with arbitration law of the State of New York.

                                         ROGER E. MAHER

4

Judge Pau̶l̶

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY            08 CV_____
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK          SUMMONS
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL
O'BRIEN, as TRUSTEES, and MICHAEL J. FORDE, as
EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY,
UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

**08 CV 00131**

                                        Plaintiffs,

            -against-

ROSSELLI CARPET SVS, INC.,

                                        Defendant.
--------------------------------------------------------------------------------X
TO:

        Rosselli Carpet Svs, Inc.
        57-21 65 Street
        Maspeth, NY 11378

    **YOU ARE HEREBY SUMMONED** and required to file with the clerk of this court and serve upon

        O'DWYER & BERNSTIEN, LLP
        52 Duane Street
        New York, New York 10007
        (212) 571-7100

an answer to the complaint which is herewith served upon you, within **30 days** after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

**J. MICHAEL McMAHON**                              JAN 07 2008
_____          _____
CLERK                                             DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV_____

**COMPLAINT**

Plaintiffs,

-against-

ROSSELLI CARPET SVS, INC.,

Defendant.
-------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

### NATURE OF THE CASE

1.     This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Rosselli Carpet Svs, Inc. ("Employer").

**JURISDICTION**

2.    This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1),

(e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of

the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant is a domestic corporation incorporated

under laws of the State of New York with a principal place of business located at 57-21 65

Street, Maspeth, NY 11378.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.      Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2005.  Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10.      A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11.      Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12.      Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated November 7, 2007 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.      The arbitrator found that defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of October 27, 2005 through November 7, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

3

14.    The arbitrator also found that defendant was required to pay the funds a sum of $3,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.    The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration award in all respects;

2.    For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period October 27, 2005 through November 7, 2007.

3.    For entry of judgment in favor of the Benefit Funds and against Rosselli Carpet Svs, Inc. ordering defendant to pay the Benefit Funds a total sum of $3,350.00, pursuant to the arbitrator's award.

4.    For attorneys' fees and costs of this action;

5.    For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
         January 7, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

## AFFiDAViT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  08 cv 00131                                    Purchased/Filed: January 7, 2008

STATE OF NEW YORK     UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT

---

*The New York City District Council of Carpenters Pension Fund, et. al*          Plaintiff

against

*Rosselli Carpet Svs., Inc.*                                Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

_____ Jessica  Miller _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 11, 2008 _____ , at __2:00 pm__ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Exhibit

on

_____ Rosselli Carpet Svs., Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __2__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of __40__ dollars; That said service

was made pursuant to Section __306 Business Corporation Law__ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __43__     Approx. Wt: __118__     Approx. Ht: __5'__

Color of skin: __White__     Hair color: __Brown__     Sex: __F__     Other: _____

Sworn to before me on this

__15th__  day of _____ January, 2008 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Jessica  Miller

Invoice•Work Order # SP0800295

*SERVICO. INC. -  PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR
NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

                                 Plaintiffs,

       -against-

ROSSELLI CARPET SVS, INC.,

                            Defendant.
--------------------------------------------------------------------X

08 CV 131 (WHP)
ECF CASE

**CLERKS
CERTIFICATE**

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of

New York, do hereby certify that this action commenced on January 7, 2008 by filing of the Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant, Rosselli Carpet

Svs, Inc. on January 11, 2008, by delivering two (2) true copies thereof to Carol Vogt, an authorized clerk in

the Office of the Secretary of State of the State of New York, and proof of service being filed on January 18,

2008.

      I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise

moved with respect to complaint herein.  The default of the defendant is hereby noted.

Dated:   _Feb 21 2008_
        New York, New York

                                **J. MICHAEL MCMAHON**
                                   Clerk of the Court

                By: _____
                                 Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW
YORK CITY AND VICINITY CARPENTERS
LABOR MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE and PAUL O'BRIEN,
as TRUSTEES, and MICHAEL J. FORDE, as EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL
FOR NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA,

08 CV 131 (WHP)
ECF CASE

**AFFIDAVIT OF
SERVICES**

                                     Plaintiffs,

                    -against-

ROSSELLI CARPET SVS, INC.,

                                     Defendant.
------------------------------------------------------------------------X
STATE OF NEW YORK          )
                            :SS.:
COUNTY OF NEW YORK          )

ANDREW GRABOIS, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of O'Dwyer &
Bernstien, LLP, attorneys for plaintiffs herein and submit this affidavit in support of the instant
application for default judgment and order.

2. On January 7, 2008, Rich Gage, a paralegal in this office, drafted and revised a complaint,
cover sheet and other required documents and prepared them for filing with the Clerk of the Court.  He

spent 1.0 hours on this matter at a billing rate of $125.00 per hour for a total of $125.00 in attorneys'
fees.

3. On January 7, 2008, your deponent reviewed and finalized the aforementioned documents. I
spent 0.5 hours at a billing rate of $350.00 per hour for a total of $175.00 in attorneys' fees.

4. On January 7, 2008, Mr. Gage prepared and filed the aforementioned documents with the
Clerk of the Court and on the Electronic Case Filing system. He spent 1.0 hours at a billing rate of
$125.00 per hour for a total of $125.00 in attorneys' fees.

5. On January 8, 2008, Mr. Gage prepared and mailed the aforementioned documents for
service of process. He spent 0.5 hours on this matter at a billing rate of $125.00 per hour for a total of
$62.50 in attorneys' fees.

6. On January 18, 2008, Ian Henderson, a paralegal in this office, prepared and filed the
affidavit of service with the Court and on the ECF system. He spent 0.5 hours on this matter at a
billing rate of $200.00 per hour for a total of $100.00 in attorneys' fees.

7. On February 22, 2008, Mr. Henderson drafted the required default documents, including a
proposed default judgment and order and affidavit of services rendered. He spent a total of 4.0 hours
on this matter at a billing rate of $200.00 per hour for a total of $800.00 in attorneys' fees.

8. On February 22, 2008, your deponent reviewed and finalized the aforementioned default
documents. I spent 0.5 hours on this matter at a billing rate of $350.00 per hour for a total of $175.00
in attorneys' fees.

9. The cost of the process server to effectuate service of process was $60.00.

WHEREFORE, deponent respectfully requests allowance of attorneys' fees in the sum of $1,562.50 and costs arising out of this action in the amount of $60.00 for a total of $1,622.50.

ANDREW GRABOIS (AG 3192)

Sworn to before me this
22nd day of February, 2008

NOTARY PUBLIC

NICHOLAS HANLON
Notary Public, State of New York
No. 02HA6167368
Qualified in Westchester County
Commission Expires May 29, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS WELFARE FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
VACATION FUND, NEW YORK CITY                          08 CV 131 (WHP)
DISTRICT COUNCIL OF CARPENTERS                        ECF CASE
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL                    **DEFAULT JUDGMENT**
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE
and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                              Plaintiffs,

              -against-

ROSSELLI CARPET SVS, INC.,

                              Defendant.
-------------------------------------------------------------------X

        This action having been commenced on January 7, 2008 by the filing of a Summons and

Complaint, and a copy of the Summons and Complaint having been served on the defendant Rosselli

Carpet Svs, Inc. on January 11, 2008 by delivering two (2) true copies of the same to the Secretary of

the State of New York, pursuant to Section 306(b) of New York Business Corporation Law, and a

proof of service having been filed on January 18, 2008 and the defendant not having answered the

Complaint, and the time for answering the Complaint having expired, and the Clerk of the Court

having issued its certificate of default on February 21, 2008, it is

ORDERED, ADJUDGED AND DECREED: That the Plaintiffs have judgment against

Defendant, pursuant to the arbitration award, in the liquidated amount of $3,350.00, representing costs

and fees arising out of the arbitration, in addition to attorneys' fees and costs arising out of this action

in the amount of $1,622.50 for a total of $4,972.50 and that Rosselli Carpet Svs, Inc. and its officers

are ordered to produce any and all books and records relating to Rosselli Carpet Svs, Inc. for the period

of October 27, 2005 through November 7, 2007.


Dated: _____
        New York, New York


                                        _____
                                        Honorable William H. Pauley
                                        United States District Judge

                                        This document was entered on the docket
                                        on _____.

STATE OF NEW YORK      )
                       :SS.:
COUNTY OF NEW YORK  )

IAN K. HENDERSON, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On the 25th day of February, 2008, I served plaintiffs' **NOTICE OF MOTION and SUPPORTING DOCUMENTATION** to the following party by depositing a true copy thereof in a post-paid wrapper, in an official depository, under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address set forth after the name below:

TO:    Rosselli Carpet Svs, Inc..
       57-21 65 Street
       Maspeth, NY 11378

IAN K. HENDERSON

Sworn to before me this
25th day of February, 2008

NOTARY PUBLIC

PATRICIA CRISCUOLI
Notary Public, State of New York
No. 24-4976573
Qualified in Richmond County
Commission Expires 1/14/2011